IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

APR 0 9 2007

**PENNY JUANITA WHITSON,**
Boone County Jail Inmate
400 East Prospect
Harrison, AR 72601,

   Plaintiff,

Vs            Case No. 3:07-cv-5016

**RICHARD L. HILL,** Stone County
Missouri Sheriff, Department Operations;
**QUIRT PAGE,** Stone County Missouri
Chief, Department Operations;
**DANNY HANKINS,** Stone County
Missouri Captain, Jail Operations;
**JOHN DOE** (name unknown), Stone County Missouri
Jail Administrator;
**CORPORAL SORRICK,** Stone County
Missouri Inmate Transfer Officer;
**OFFICER BROWN,** Stone County
Missouri Inmate Transfer Officer,

   Defendants,

## "AMENDED"
## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. SECTION 1983

I. Place of present confinement of plaintiff(s): <u>Boone County Jail, 400 East Prospect, Harrison, AR 72601.</u>

II. Parties to this civil action:
 Please give your commitment name and any other name(s) you have used while incarcerated.

  A. Plaintiff: <u>Penny J. Whitson</u>   Register No. <u>N/A</u>
    Address: <u>Boone County Jail, 400 East Prospect, Harrison, AR 72601</u>

  B. Defendant: <u>RICHARD L. HILL, Stone County Missouri Sheriff, Department Operations; QUIRT PAGE, Stone County Missouri Chief, Department Operations; DANNY HANKINS, Stone County Missouri Captain, Jail Operations; JOHN DOE (name unknown), Stone County Missouri Jail Administrator; CORPORAL SORRICK, Stone County Missouri Inmate Transfer Officer; OFFICER BROWN, Stone County Missouri Inmate Transfer Officer.</u>

Is employed as: Each of the defendants listed above are employees of Stone County Missouri and may be served at 110 S. Maple Street, Galena, MO 65656.

III. Do your claims involve medical treatment? No

IV. Do you request a jury trial? Yes

V. Do you request money damages? Yes
State the amount claimed? $5,000,000.00 (Actual and Punitive)

VI. Are the wrongs alleged in your complaint continuing to occur? Yes (Plaintiff continues to suffer the emotional harm associated with being raped while shackled and chained)

VII. Give grievance procedures:

A. Does your institution have an administrative or grievance procedure?
Unknown

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution? No

C. If a grievance was filed, state the date your claims were presented, how they were Presented, and the result of that procedure. (Attach a copy of the final result.)
N/A

D. If you have not filed a grievance, state the reasons: Plaintiff was being transferred out of Stone County Custody and into Missouri Department of Correction custody when she was raped and to the best of her recollection there were no administrative remedies available to her . Plaintiff alerted the transporting officers, MDOC intake staff, and the Missouri State Troopers of the rape.

VIII. Previous civil actions:

IX. A. Have you begun other case in state or federal courts dealing with the same facts involved in this case:
No

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?
No

C. If your answer is "yes," to either of the above questions, provide the following information for each case.
N/A

IX. Statement of claim:

A. 1. On December 15, 2005, plaintiff left Stone County Jail at approximately 4:30 a.m. to be transported to a Missouri Department of Correction institution.

2. The transporting officers employed by Stone County Jail were Corporal Sarrick and Officer Brown.

3. There were also four male prisoners being transported in the van.

4. When the van was being loaded, plaintiff was first in line and began to occupy the first seat directly behind the officers.

5. The officers instructed plaintiff that she was to ride in the rear of the van.

6. Sorrick walked plaintiff to the back of the van and placed plaintiff in the rear seat.

7. The area where Sorrick placed plaintiff, who was the only female on board, was also occupied by a male inmate named Richard.

8. The van was very dark inside.

9. The windows were caged.

10. The windows were tinted dark.

11. The officers had the radio loud.

12. The three male inmates in the front caged area were talking loud.

13. Plaintiff believes one of three male inmates in a cage separate from plaintiff is named John Naylor.

14. Richard had turned sideways in his seat and we were talking about where we were from and how much time we had to do.

15. Richard turned back around facing the cage and was talking to the other three inmates.

16. Plaintiff had started to fall asleep when she felt Richard grab here arm and sat her on his lap.

17. At first plaintiff though Richard was trying to move her over to the other side.

18. Then Richard pushed plaintiff against the seat in front of her.

19. One of Richard's hands held plaintiff against the seat in front of her where she could not move.

20. Richard's other hand pushed plaintiff's pants down and raped plaintiff.

21. Richard had somehow removed his restraints.

22. Everything happened very fast.
23. Plaintiff did not scream.

24. Plaintiff was trying to get away from Richard without alerting the other inmates.

25. Plaintiff was embarrassed and humiliated.

26. By the time plaintiff thought of her options of whether to scream or to continue trying to get away from Richard, he pushed plaintiff back over to the side by the window.

27. When plaintiff got her pants pulled back up, Richard was facing the front talking to the guys in the cage.

28. Plaintiff is uncertain whether the other three inmates had knowledge of the rape.

29. When the officers stopped at the restroom and plaintiff was alone with Sorrick, plaintiff told her that she had been assaulted and Sorrick looked at plaintiff as if she didn't hear her, and made no comment.

30. Faced with Sorrick's indifference plaintiff decided to wait until she reached the Department of Corrections (DOC) before saying anything else.

31. Plaintiff was delivered to DOC.

32. Stone County Officers left plaintiff in DOC custody.

33. Plaintiff was sent to the nurse, (Vicki Hildebrand), for routine intake questions.

34. Plaintiff informed the nurse that she had been sexually assaulted.

35. The nurse immediately talked to the Sergeant.

36. Afterwards the investigator, Shane Stone, came to speak with me.

37. The investigator informed plaintiff that she was making very serious accusations and that often someone says things like this and they are not true.

38. Plaintiff assured the investigator that her statement was true.

39. While plaintiff was giving her statement as to the rape incident (in pencil) she was interrupted and sent to the hospital emergency room.

40. Plaintiff was then taken to Aydrain Medicare Center in Mexico, Missouri, by officers Betz and Fox.

41. Before the doctor arrived, one of the nurses and the officers had a dispute over which rape kit to use, the one fro the hospital of the one from the DOC.

42. Plaintiff believes the rape kit provide by the DOC was used.

43. Plaintiff believes the rape kit was transported back to the DOC at the conclusion of the examination.

44. Dr. Jones from the hospital wrote a report.

45. Dr. Jones called Betz and Fox into the hallway.

46. Plaintiff asked to see the report and witnessed the remarks of semen being present.

47. Plaintiff was transported back to DOC and processed therein.

48. Plaintiff consulted with the DOC psychologist on at least three occasions concerning the rape.

49. Plaintiff was prescribed an antibiotic and psych meds.

50. The psych meds prevented plaintiff from participating in the treatment program so she declined those meds.

51. The psychologist advised plaintiff that the State of Missouri would appoint her an advocate.

52. On December 22, 2006, Rick Johnson from the Missouri State Highway patrol visited plaintiff while incarcerate at the DOC.

53. Plaintiff thought Johnson might be the promised advocate.

54. Johnson asked that plaintiff sign a waiver to answer questions while being recorded as to the rape incident.

55. Plaintiff informed Johnson that while she wanted to cooperate, she declined to answer questions without counsel.

56. Plaintiff made a handwritten account of the foregoing facts. (See attachment "A")[1]

---

[1] All attachments are on file with the court with the original complaint and labeled correctly.

57. Plaintiff later obtained a copy of the December 15, 2005 Consultation Request and or Dr. Jones' findings in the rape evaluation wherein it is noted "MOTILE SPERM SEEN IN CERVICAL MUCOUS." (See attachment "B")

58. Plaintiff later obtained a copy of other December 15, 2005 records from the Audrain Medical Center. (See Attachment "C").

59. RICHARD L. HILL, as Sheriff is responsible for the welfare of the jail inmates in his county and his failure to properly supervise and train SORRICK AND BROWN proximately caused plaintiff great and irreparable injury.

60. QUIRT PAGE, as Chief is responsible for the welfare of the jail inmates in his county and his failure to properly supervise and train SORRICK AND BROWN proximately caused plaintiff great and irreparable injury.

61. DANNY HAWKINS, as Captain is responsible for the welfare of the jail inmates in his county and his failure to properly supervise and train SORRICK AND BROWN proximately caused plaintiff great and irreparable injury.

62. JOHN DOE, as Jail Administrator is responsible for the welfare of the jail inmates in his county and his failure to properly supervise and train SORRICK AND BROWN proximately caused plaintiff great and irreparable injury.

63. CORPOROL SORRICK'S failure to protect plaintiff while chained and shackled proximately caused plaintiff great and irreparable injury.

64. OFFICER BROWN'S failure to protect plaintiff while chained and shackled proximately caused plaintiff great and irreparable injury.


B. State briefly your legal theory or cite appropriate authority:
   <u>The foregoing acts proximately caused plaintiff considerable irreparable injury and violated plaintiff's civil and constitutional rights.</u>


X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
<u>(1) While the exact amount of damages proximately caused by defendants wrongful conduct remains to be determined plaintiff asks the court to Award plaintiff judgment against the defendants for damages in a sum in excess of $5,000,000.00 ;(2) For punitive damages according to proof ;(3) For such other and further relief as the court may deem proper.</u>


XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name.
<u>Rory Gregory (Brother)</u>

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action? <u>Yes</u>

If so, state the names and addresses of each lawyer contacted:

1. On or about June 19, 2006, Ilene Stevenson contacted Attorney Richard Anderson to determine whether he had decided to represent plaintiff. (See Attachment "F")

2. On June 20, 2006, Attorney Richard Anderson responded stating that for health reasons he would not be able to represent plaintiff. (See attachment "G")

3. On June 23, 2006, Ilene Stevenson contacted Attorney Frank Yankoviz, requesting that he provide help in representing or referring someone to represent plaintiff. (See Attachment "H")

4. On October 19, 2006, plaintiff contacted Attorneys "THORNBERRY, EISCHENS & BROWN, LLC" in Kansas City, Missouri, who had made a preliminary conclusion that they would represent plaintiff.

5. On January 24, 2007, Angie M. Davisson, LEGAL ASSISTANT, for THORNBERRY, EISCHENS & BROWN, LLC, related to plaintiff and Ilene Stevenson that they would not be representing plaintiff. (See Attachment "I")

6. The foregoing facts are submitted to ask that any statute of limitations be tolled as plaintiff has been diligent in her efforts to investigate the facts and to obtain legal counsel.

C. Have you previously had a lawyer representing you in a civil action in this court?
<u>No</u>

I declare under penalty of perjury that the foregoing is true and correct.
<u>Executed this 5th day of April, 2007.</u>

                                          Respectfully submitted,

                                          Penny J. Whitson
                                          400 East Prospect
                                          Harrison, AR 72601
                                          Plaintiff, Pro se