# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWEST DIVISION

| | |
|---|---|
| PENNY WHITSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-5016-CV-SW-RED-P |
| ) | |
| RICHARD L. HILL, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is a 42 U.S.C. § 1983 civil rights case. Plaintiff, who currently is incarcerated at the Women's Eastern Reception and Diagnostic Correctional Center ("WERDCC") in Vandalia, Missouri, is seeking relief for certain claimed violations of her federally protected rights which occurred while she was being transported by the Stone County, Missouri, Sheriff's Department. The named defendants are: Stone County Sheriff Richard L. Hill, Stone County Captain Quirt Page, Stone County Sergeant Danny Hawkins, Stone County Inmate Transfer Officer Shawna Adair Sorrick, and Stone County Inmate Transfer Officer Brown. Plaintiff alleges that the defendants failed to protect her from being raped by another inmate during transport from the Stone County Jail to the Missouri Department of Corrections.

Now pending before the Court is "Defendants' Motion for Summary Judgment" (Doc. No. 29) and suggestions in support thereof. Plaintiff has filed suggestions (Doc. No. 34) in opposition to defendant's motion, and defendants have filed a reply (Doc. No. 39).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a moving party is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." See generally William v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). In applying this standard, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). "The inquiry performed is . . . [whether] . . . there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A party opposing a motion for summary judgment, however, "may not rest upon the mere allegations . . . of [her pleadings], but . . . by affidavits . . . must set forth specific facts showing that there is a genuine issue for trial. If [she] does not so respond, summary judgment, if appropriate, shall be entered against [her]." Fed. R. Civ. P. 56(e).

**SUMMARY OF FACTS**

According the allegations set forth in plaintiff's amended complaint (Doc. No. 6) and her deposition testimony (Doc. No. 30, Exhibit B), plaintiff was transported from the Stone County Jail to the custody of the Missouri Department of Corrections on December 15, 2005. She was seated in the last row of the transport van, next to inmate Richard Leach. Plaintiff had no prior interaction with or knowledge of Inmate Leach. Apart from a brief conversation shortly after the van left the Stone County Jail, plaintiff had no communication with Inmate Leach. At some point during the drive, Inmate Leach grabbed plaintiff's arm and pinned her against the seat in front of her. Inmate Leach pulled down plaintiff's pants and raped her. Plaintiff did not say anything to the other inmates or officers in the van. During a stop for a restroom break, plaintiff attempted to tell defendant Sorrick about the incident. After receiving no response from defendant Sorrick, plaintiff did not attempt to tell

her again, nor did she tell defendant Brown, who also was present in the van. Plaintiff's first communication about the attack took place after she was in the custody of the Missouri Department of Corrections. After making a statement, plaintiff was taken to the hospital for an examination.

## FAILURE TO PROTECT

"The Eighth Amendment imposes a duty on the part of prison officials to protect prisoners from violence at the hands of other prisoners." Perkins v. Grimes, 161 F.3d 1127, 1129 (8th Cir. 1998), citing Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, "it is not ... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996), citing Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The duty to protect requires only that prison officials 'take reasonable measures to abate substantial risks of serious harm, of which the officials are aware.'" Id., citing Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995). Absent factors establishing both an objectively serious deprivation and a subjectively culpable state of mind, no constitutional violation exists, and a prison official is not liable. Farmer, supra, at 834.

Plaintiff did not attempt to tell anyone of the rape until over an hour after it occurred. (Doc. No. 30, Exhibit B, pp. 7-8). In fact, none of the defendants were aware that the rape had occurred until informed by the Missouri Department of Corrections. (Doc. No. 30, Exhibits D-G). Plaintiff testified in her deposition that the incident was a complete surprise to her. (Doc. No. 30, Exhibit B, p. 11). The defendants, therefore, lacked the required knowledge of a substantial risk. Because plaintiff has failed to establish that the defendants were aware of a substantial risk of serious harm, defendants are entitled to summary judgment.

## QUALIFIED IMMUNITY

Defendants also maintain that they are entitled to qualified immunity because their actions did

-3-

not violate any of plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known. Government officials performing discretionary functions are shielded from liability for civil damages if their conduct does not violate a clearly established statutory or constitutional right which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "To be clearly established, the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Doby v. Hickerson, 120 F.3d 111, 113 (8th Cir. 1997), quoting Anderson v. Creighton 483 U.S. 635, 640 (1987).

The Court uses a two pronged test in order to determine if a government official is entitled to qualified immunity. See Weiler v. Purkett, 137 F.3d 1047, 1050 (8th Cir. 1998). The first prong of this test is to determine whether or not the plaintiff has alleged a deprivation of a constitutional right. Id. The second prong of this test is to determine if that constitutional right "was so clearly established that a reasonable public official would have known his or her conduct violated the Constitution at the time of the act." Id.

As stated previously, defendants' actions did not constitute a failure to protect. Consequently, defendants did not violate plaintiff's clearly established constitutional rights. Because the Court has found that defendants' actions did not violate plaintiff's constitutional rights, they also are entitled to qualified immunity.

## **SUMMARY**

Defendants have shown with sufficient clarity that summary judgment should be granted in their favor on plaintiff's Section 1983 claim. After reviewing the evidence in the light most favorable to plaintiff and after giving her the benefit of all reasonable inferences, the Court concludes that there is no genuine issue of material fact as to plaintiff's claims against defendants for violation of her constitutional rights, and that defendants' motion for summary judgment should be granted insofar as

it relates to those claims.

Plaintiff is cautioned that, in addition to the $350.00 filing fee, federal law now "'makes prisoners responsible for [appellate filing fees of $455.00] the moment the prisoner ... files an appeal.'" Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997)(citation omitted). Pursuant to Henderson, plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment to the full [$455] appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Id. At 484.

Accordingly, it is **ORDERED** that defendants' motion for summary judgment (Doc. No. 29) is granted, and judgment is entered in favor of defendants and against plaintiff.

        */s/ Richard E. Dorr*
RICHARD E. DORR
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: January 18, 2008.